(115 App. Div. 81)

## CONNOLLY v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.    October 17, 1906.)

NAVIGABLE WATERS—SEWAGE—POLLUTION.

> Plaintiff leased property fronting on New York Harbor from the riparian owner, together with the water front, and went into possession, erecting buildings, bathhouses, pavilions, and the like, for the purpose of operating a public bathing resort, when he found that the waters were seriously polluted by a defective sewer pipe, which defendant city maintained and which had previously run out for 700 feet into the bay fronting the land plaintiff had rented, but which had become so defective as to leak sewage to such an extent that the bathers refused to frequent the place. *Held*, that such pollution was unreasonable and negligent, and entitled plaintiff to recover such damages as naturally flowed therefrom.

Appeal from Trial Term, Kings County.

Action by William J. Connolly against the city of New York. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, it appeals.    Affirmed.

Argued before WOODWARD, JENKS, HOOKER, and RICH, JJ.

Patrick E. Callahan (James D. Bell, on the brief), for appellant.

John W. Magee, for respondent.

HOOKER, J.    The plaintiff recovered a verdict against the defendant in the sum of $3,000, on account of defendant's alleged negligence in maintaining a sewer pipe, which ran out under a pier some 700 feet into the bay fronting land which the plaintiff had rented. The plaintiff leased this property from the riparian owner, together with the water front.    The sewer had been laid some years before the plaintiff went into possession, and seemed to have rusted out, it being an iron pipe; and practically all of the time of plaintiff's lease, after the first year, it leaked sewage to such an extent that the water, especially at low tide, and part of the time at high tide, was contaminated, with the result that bathers did not continue to frequent the water. When the plaintiff went into possession, he erected buildings, bathhouses, pavilions, and the like, to cater to the public and to invite them to his premises for the purpose of bathing in the waters which washed his shore.

The measure of damages adopted by the court is the one approved in Reisert v. City of New York, 174 N. Y. 196, 66 N. E. 731, and in my opinion the sum awarded was reasonable.    The defendant insists that the plaintiff had no rights in the water.    Of course, he did not own the waters; but he had a lease of the premises across which parties desiring to bathe there must come, and he erected and possessed the bathhouses which they must use for the purpose of bathing. He owned the bathing suits that he rented, and his profit, of course, was made from renting these bathing suits and bathhouses.    But under familiar principles the plaintiff was entitled to have the waters come to him without unreasonable pollution.    It was a fair question of fact, and so presented to the jury, whether or not the defendant was negligent in polluting those waters by allowing the sewage to escape

from a defective pipe. They have found that the pollution was unreasonable, and accomplished through the negligence of the defendant, and the damages naturally flow.

Hence I recommend that the judgment and order appealed from be affirmed, with costs. All concur.